SRM

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**United States of America,**
Plaintiff/Respondent
-vs-
**Jorge Alberto Montes-Camargo,**
Defendant/Movant

CR-06-0397-PHX-NVW
CV-06-2162-PHX-NVW (JI)

**REPORT & RECOMMENDATION
On Motion to Vacate, Set Aside, or
Correct Sentence Pursuant to
28 U.S.C. § 2255**

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed an Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 6, 2006 (#36). On April 25, 2007, Respondent filed its Response (#56). Movant has not filed a reply.

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

### A. FACTUAL BACKGROUND

Movant's written Plea Agreement (#17), includes the following statement of factual basis:

> I am not a citizen or national of the United States. I was deported, excluded or removed from Calexico, California, on October 10, 2004. I was voluntarily present and found in the United States at or near San Luis, Arizona on March 14, 2006. I did not obtain the express consent of the Secretary of the Department of Homeland Security to

- 1 -

> reapply for admission to the United States prior to returning to the United States.
> Furthermore, for sentencing purposes, I admit I was convicted of Alien Smuggling, a felony, on June 17, 2003, and I was represented by an attorney. I was sentenced to 2 years prison.
> I further admit that I was under a term of supervised release when the present offense was committed.

(Plea Agreement, #17 at 8.)

**B. PROCEEDINGS AT TRIAL**

A Complaint (#1) was filed on March 16, 2006, charging Movant with one count of attempted re-entry after removal, and one count of re-entry after removal. Movant executed a Waiver of Indictment and consent to proceed by information (#8). On April 11, 2006, an Information (#7) was filed charging Movant with a single count of re-entry after deportation in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2).

Movant subsequently entered into a written Plea Agreement (#17) whereby he agreed to plead guilty to the sole count of the Information, in exchange for various agreements on sentencing. Those agreements included stipulations for a "three-level downward adjustment for acceptance of responsibility" and the possibility of additional downward departures pursuant to U.S.S.G. 5K3.1 (early disposition), with the amount of downward departure to be based upon his criminal history and supervised release status and determined at the discretion of the sentencing judge. (Plea Agreement, #17 at 3.) In addition, the parties stipulated that at the lowest offense level, the sentencing judge had discretion to depart upward one level as a result of Movant's supervised release status. According to the Plea Agreement, the possible sentencing ranges resulted in a possible sentence of between 15 and 78 months. (*Id.* at 2-3.) The Plea Agreement also provided the following limitation on additional sentencing adjustments:

> If defendant requests or if the court authorizes (a) any downward departure; (b) any reduction of criminal history category which differs from that set forth in the presentence report; or (c) any other reduction of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

(*Id.* at 5.)

- 2 -

In addition, the Plea Agreement included the following explicit waiver of appeal rights:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the information or indictment, or to the petition to revoke, or to the court's entry of judgment against defendant and imposition of sentence upon defendant, provided that the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the court's entry of judgment against him; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack defendant might file challenging his conviction or sentence in this case.

(Plea Agreement, #17 at 5.)

It also contained the following representation by Movant:

> I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea, I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I agree that any guideline range discuss with my attorney is not binding on the court and is merely an estimate.

(*Id.* at 7.)

Movant entered his guilty plea on April 11, 2006, before the undersigned magistrate judge. (M.E. 4/11/06, #10.) At that hearing, Movant represented his understanding of the plea agreement and its consequences as follows:

> THE COURT: . . . Mr. Montes, I understand there's been a plea agreement in your case. Do you have your written plea agreement there in front of you?
> THE DEFENDANT: Yes.
> THE COURT: Did you sign it?
> THE DEFENDANT: Yes.
> THE COURT: Was the plea agreement read to you in Spanish, word for word, by the interpreter before you signed it?
> THE DEFENDANT: Yes.
> THE COURT: Did you go over its terms with your lawyer and have him answer all of your questions about it to your satisfaction before you signed it?
> THE DEFENDANT: Yes.
> THE COURT: Do you understand it?
> THE DEFENDANT: Yes.
> THE COURT: Does the plea agreement reflect all of the promises or assurances made to you or your lawyer by the prosecutor?

> THE DEFENDANT: Yes.
> THE COURT: Other than what's in the plea agreement, has anyone made any promise or agreement which induced or caused you to plead guilty?
> THE DEFENDANT: No.
> THE COURT: Other than what's in the plea agreement, has anyone, your lawyer or anyone, made any promise to you about what your sentence will be?
> THE DEFENDANT: No.
> THE COURT: Does the plea agreement contain everything you agreed to?
> THE DEFENDANT: Yes.
> THE COURT: Do you agree to everything that's in it?
> THE DEFENDANT: Yes.
> THE COURT: Do you have any questions about it at all?
> No?
> THE DEFENDANT: No.

(R.T. 4/11/06, #43 at 8-9.) The Court then reviewed the maximum possible sentence, the possible sentences under the guidelines and the plea agreement, and Movant represented to the Court that he understood those terms.

> THE COURT: Mr. Montes, the plea agreement provides for various sentencing ranges depending upon your criminal history. Because you are on supervised release, the maximum guideline range under your plea agreement provides for a sentence of up to 78 months in prison.
> In your case, a presentence report will be prepared which will, among other things, investigate any criminal history that you might have. But until that report is prepared, no one, not your lawyer, not the prosecutor or the judge, can tell you with certainty which of the various guideline ranges you fall within.
> Do you understand that?
> THE DEFENDANT: Yes.

(*Id.* at 10-11.)

Movant also acknowledged his waiver of his appeal and collateral attack rights.

> THE COURT: Now, the plea agreement also provides that you are giving up your right to appeal and you are giving up your right to collaterally attack the judgment and sentence in your case. That means that you cannot, in the future, attack the validity or the correctness of the conviction or sentence.
> Do you understand and agree to that?
> THE DEFENDANT: Yes.

(*Id.* at 15.)

Acceptance of the plea was recommended (#11) and Movant appeared for sentencing on July 24, 2006, before District Judge Wake. (M.E. 7/24/06, #15.) Movant's plea was

accepted and Movant was sentenced to a prison term of 51 months, with credit for time served, and three years supervised release. (Judgment, #11.) In sentencing Movant, the Court applied the three-level downward adjustment for acceptance of responsibility as provided in the plea agreement. (R.T. 7/24/6, #44 at 3.) The Court also acknowledged its discretion (pursuant to the terms of the Plea Agreement, and in light of the determination that Movant's criminal history resulted in the designation of the offense as a Level 24 offense), to grant either a two- or three-level downward departer for early disposition pursuant to U.S.S.G. § 5K3.1. (*Id.*) Ultimately, the Court determined to grant the lower, two-level downward departure. As a result, Movant was sentenced based upon an offense level 19, as a result of the three-level downward adjustment and the two-level downward departure. (*Id.* at 11.)

## C. DIRECT APPEAL

On August 23, 2006, Movant filed an untimely Notice of Appeal to the Ninth Circuit (#18). The Ninth Circuit remanded (#25) the matter for consideration of a motion to extend the time to appeal. Instead, on October 23, 2006, Movant filed a second Notice of Appeal (#28) and Motion to Extend (#29). Ultimately, Movant filed a motion to withdraw the appeal which was granted (#53) by the Ninth Circuit Court of Appeals.

## D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Motion** - Movant filed his original motion pursuant to 28 U.S.C. § 2255 on September 11, 2006 (#21), titled "Motion for Time Reduction by an Inmate in Federal Custody. On November 6, 2006, Movant filed the present amended "Motion to Modify and Correct Sentence pursuant to 28 U.S.C. § 2255" (#36). Movant's motion asserts "he received ineffective assistance of counsel because counsel failed to:

(1) investigate and present mitigating evidence;
(2) argue for a downward departure due to Movant's impending deportation and resulting disqualification from various prison programs;

- 5 -

(3) argue for a downward departure due to Movant's concession of deportability;

(4) seek a downward departure under a "fast track program" under U.S.S.G. § 5K2.0; and

(5) seek a downward departure for early disposition under U.S.S.G. § 5K3.1.

As a result of the foregoing ineffectiveness, Movant contends that his plea was not knowingly and voluntarily entered.

Service and an answer was ordered on February 27, 2007, and Movant was advised that he could "file a reply within thirty (30) days from the date of service of the answer." (Order 2/27/07, #54 at 3.) Respondents filed their Response (#56) on April 25, 2007, asserting that Movant waived his rights to collateral attack, and that Movant received effective assistance of counsel. Despite being advised in the service Order (#54) of his right to do so, Movant has not filed a reply in support of his Motion, and the time to do so has expired.

## III. APPLICATION OF LAW TO FACTS
### A. WAIVER OF COLLATERAL ATTACK RIGHTS

Respondents argue that Movant has waived his right to file the instant Motion to Vacate. Movant's plea agreement included a waiver of his right to "collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack." (Plea Agreement, #17 at 5.) The present motion is just such a collateral attack.

The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, see *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions). Similarly, the right to collateral review may be waived. *See United States v. Abarca,* 985 F.2d 1012, 1014 (9th Cir.1993). Such waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements. *See Baramdyka*, 95

1  F.3d at 843.

2  However, to be enforceable, such waivers must be made "knowingly and voluntarily." *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994). Whether a particular waiver was made "knowingly and voluntarily" is a determination made by looking to the circumstances surrounding the signing and entry of the plea agreement. *See United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).  The Supreme Court has stated that where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Hill v. Lockhart,* 474 U.S. 52, 56-57 (1985) (internal quotation marks and citations omitted).

Here, Movant asserts that the advice from his counsel was ineffective in five regards: (1) failure to investigate and present mitigating evidence;  (2) failure to argue for a downward departure due to Movant's impending deportation and resulting disqualification from various prison programs; (3) failure to argue for a downward departure due to Movant's concession of deportability; (4) failure to seek a downward departure under a "fast track program" under U.S.S.G. § 5K2.0; and (5) failure to seek a downward departure for early disposition under U.S.S.G. § 5K3.1.

**Failures at Sentencing** - In each of his five attacks on counsel, Movant asserts that trial counsel was ineffective at sentencing.  Any ineffectiveness of counsel at sentencing would have occurred after the entry of Movant's plea, and therefore would not have affected the voluntariness of his plea.  Accordingly, it would afford no basis for invalidating his plea or any waivers therein.

However, unlike claims arising prior to entry of a plea, claims arising after entry of the plea, *i.e.* in the course of sentencing, are not waived by the mere fact of entering a guilty plea.  *See e.g. U.S. v. Reyes-Platero,* 224 F.3d 1112 (9th Cir. 2000).  On the other hand, the defendant's rights to challenge any sentencing errors may be explicitly waived.  *See e.g.*

1  *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991).  Where a waiver specifically
2  includes the waiver of the right to appeal a sentence, then it also waives "the right to argue
3  ineffective assistance of counsel at sentencing." *U.S. v. Nunez,* 223 F.3d 956, 959  (9th Cir.
4  2000).

5        Here, Movant's agreement explicitly provided that movant waived: "any and all
6  motions, defenses, probable cause determinations, and objections which defendant could
7  assert to . . . the court's . . . imposition of sentence upon defendant, provided that the sentence
8  is consistent with this agreement." He further waived "any right to collaterally attack [his]
9  conviction and sentence" in a 2255 proceeding. (Plea Agreement, #17 at 5.)[1]  Accordingly,
10 Movant has waived his right to collaterally attack his sentence, and to assert ineffective
11 assistance of counsel at sentencing.

12       Granted, there are some flavors of errors at sentencing that are not waivable. *See e.g.*
13 *United States v. Bolinger,* 940 F.2d 478, 480 (9th Cir.1991) (sentence violates the terms of
14 the plea agreement); *United States v. Johnson,* 67 F.3d 200, 203 n. 6 (9th Cir.1995)
15 ("sentencing error could be entirely unforeseeable and therefore not barred"); *United States*
16 *v. Jacobson,* 15 F.3d 19 (2nd Cir.1994) (sentencing disparity among co-defendants based
17 entirely on race); *United States v. Marin,* 961 F .2d 493, 496 (4th Cir.1992) (sentence in
18 excess of maximum statutory penalty or based on a constitutionally impermissible factor such
19 as race).  Here, however, Movant simply argues that counsel should have done more at
20 sentencing.

21       Accordingly, the undersigned concludes that any claim of ineffective assistance of
22 counsel at sentencing is ineffective to void Movant's Plea Agreement, and is thus barred by
23 the waivers in that agreement.

24 / /

---

[1] The Plea Agreement also included a waiver of "(2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals)." (Plea Agreement, #17 at 5.) However, that provision is limited to the "right to appeal," and no explicit waiver of Movant's right to collaterally attack his sentence is included in that part of the plea agreement.

### B. MERITS OF INEFFECTIVE ASSISTANCE CLAIMS

Even if Movant had not waived his right to bring the current collateral attack, he has failed to establish any ineffective assistance of counsel.

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, a defendant must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694. Although Movant must prove both elements, the Court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.

**Failure re Mitigating Evidence** - Movant argues that counsel was ineffective for failing to investigate and present mitigating evidence. However, Movant offers no indication of what that evidence might have been, nor how it could have affected either his decision to enter a plea, or his sentence. That is not sufficient to establish a claim for ineffective assistance. *See, e.g., James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994) ("Conclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief."). *See also Stein v. U.S.*, 390 F.2d 625, 627 (9th Cir. 1968) ("[i]t is well-established that mere conclusory allegations are not sufficient to warrant relief under a 2255 motion"); and *Shah v. U.S.*, 878 F.2d 1156, 1161 (9th Cir. 1989) ("Mere conclusory allegations do not warrant an evidentiary hearing.").

**Failure to Seek Additional Departures** - Movant next complains that counsel failed to argue for a downward departure under a variety of theories, including: Movant's impending deportation and resulting disqualification from various prison programs; Movant's concession of deportability; Movant's participation in a "Fast Track" program and early disposition. However, as pointed out by Respondents, Movant's Plea Agreement provided that any effort to seek additional departures would result in the government's right to withdraw from the Plea Agreement. (Plea Agreement, #17 at 5.).

Case 2:06-cr-00397-NVW-JRI   Document 57   Filed 07/27/07   Page 10 of 12

The Plea Agreement provided Movant with substantial benefits, including the reduction of his exposure at sentencing from a maximum of 20 years, to an agreed maximum of 78 months. Under those circumstances, it would have been at the least a reasonable tactical decision to forego additional departures. Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).

At worst, it would have been deficient performance to have jeopardized the plea agreement for the sake of additional departures. This is particularly true, given the fact that Movant was already receiving, or was ineligible for, the other departures. Thus, the undersigned finds that counsel was not performing deficiently when he failed to pursue any additional departures not provided for under the plea agreement..

**Failure re Departure for Deportability and Disqualification from Prison Programs** - Movant argues that counsel was ineffective for failing to argue for a downward departure due to Movant's concession of deportability and resulting disqualification from various prison programs. However, because the crime admitted by Movant had as an element his deportability, counsel could not have sought further departures based upon that fact. *See U.S. v. Martinez-Ramos,* 184 F.3d 1055, 1057 (9th Cir. 1999) ("deportable status may not be a ground for downward departure from the applicable guideline range for aliens who are deportable" when the crime itself, e.g. 18 U.S.C. § 1326, assumes an alien who is deportable). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

**Failure re Fast Track** - Next, Movant argues that counsel was ineffective for failing to argue for a downward departures pursuant to the "fast track program" under U.S.S.G. § 5K2.0 [2] and early disposition under U.S.S.G. § 5K3.1. However, Movant's plea agreement provided for downward departures based on Movant's acceptance of responsibility under

---

[2] U.S.S.G. § 5K2.0 does not provide for a "fast track" departure, but rather relates to the general grounds for departures. Section 5K3.1 is the section applicable to early dispositions or "fast track" programs.

U.S.S.G. §3E1.1(a) and (b), and for early disposition (or "Fast Track") under § 5K3.1. And, ultimately, Movant was afforded both of these concessions. (R.T. 7/24/6, #44 at 3, 11.)

Accordingly, trial counsel's performance was not deficient with respect to these departures.

### C. CONCLUSION

Based on the foregoing, this Court must find that Movant's plea was entered knowingly and voluntarily, and that Movant has, under the terms of his written plea agreement, effectively waived his right to file the instant motion. Even if Movant had not waived his right to file the instant motion, he has failed to show that trial counsel was ineffective. Therefore, his motion would, if not dismissed, have to be denied on the merits.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 6, 2006 (#36) be **DISMISSED WITH PREJUDICE**.

### V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en*

1 *banc*).

3 DATED: July 26, 2007

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\06-0397-03tr RR 07 07 19 ro MVacate.wpd